(33 Misc. Rep. 694.)

BARK v. CARROLL.

(Supreme Court, Trial Term, New York County. January, 1901.)

TRIAL—PREFERENCE—CLERICAL ERROR IN COPY OF COMPLAINT.

Where the defendant, in an action for slander, is personally served with notice correctly reciting the county in which the cause is triable, and afterwards receives a copy of the complaint, which, by the mistake of the stenographer, erroneously recites that it is triable in another county, but the defendant appears and answers in the proper county, a motion for a preference by plaintiff will not be denied by reason of such clerical error in the copy of the complaint.

Action for slander by Anna Bark against Craft C. Carroll. Motion for a rehearing of an order denying a preference. Granted.

Parsons & Schick, for plaintiff.

H. B. Bradbury, for defendant.

ANDREWS, J. The action is for slander, and the plaintiff moved for a preference. The motion was opposed by defendant's attorney, who, upon the hearing thereof, submitted the copy complaint served upon him, by which it appeared that the action was pending in the county of Kings. The motion for a preference was thereupon denied upon that ground. Plaintiff now moves for a reargument of the motion upon an affidavit, by which it appears that the action was commenced by the personal service upon the defendant in New York county of a summons, in which it was stated, upon the face thereof, that the trial was desired in the county of New York, and upon the outside of which, as part of the title, was indorsed, "N. Y. Supreme Court, County of New York." It also appears by said affidavit that the court named in the title of the action, as set forth in the complaint, was "Supreme Court, County of New York"; also that, at the time the action was commenced, the plaintiff and defendant both resided in the county of New York; that on September 24, 1900, defendant appeared in his own proper person, with the usual notice of appearance, and demanded that a copy of the complaint and all the papers in the action be served on him; that on October 6, 1900, the defendant was served with a copy of the complaint, with the exception that, through the mistake of a typewriter, the copy served, upon the outside as well as the inside of it, contained the words, "Supreme Court, County of Kings"; that after such service the defendant again served notice of appearance by his present attorney, who, on November 14th, served an answer, and on December 3, 1900, served an amended answer, in which answers the name of the court was given as "Supreme Court." On December 13, 1900, plaintiff's attorney served a notice of trial of the action for the January term, 1901, of the supreme court in New York county, and with said notice served notice that a motion would be made at trial term, part 2, of the supreme court, New York county, for an order placing the action on the preferred calendar; and on December 14th a note of issue was duly filed, and the action was placed on the calendar of the supreme court, New York county, for trial for the January term, 1901.

Upon the facts now presented, I think that the motion for a rehearing should be granted, and that the original motion to give the cause a preference should also be granted. Section 417 of the Code of Civil Procedure provides that the summons, among other things, must contain the name of the county in which the plaintiff desires the trial. Section 481 of the Code provides that the complaint must contain, among other things, if the action is brought in the supreme court, the name of the county which the plaintiff designates as the place of trial. This action was actually commenced by the personal service of the summons in New York county upon the defendant, and, as it was stated in the summons that the plaintiff desired the trial to be in the county of New York, the place of trial was thereby fixed

in that county, and the original complaint correctly stated that the place of trial was in the county of New York, in conformity with the summons; and the statement in the copy, which was, by mistake of the copyist, served upon the defendant's attorney, did not change the place of trial, which had been so fixed by the summons and original complaint. It may fairly be presumed that the defendant's attorney noticed the discrepancy between the place of trial named in the summons which had been served and the place named in the copy complaint, for in his answer and amended answer he simply entitled the action in the "Supreme Court." However this may be, I am of the opinion that he could not thus lie by and use the fact that the copy complaint served did not correspond with the summons and original complaint as a means of defeating the motion for a preference. He could have returned the copy complaint so served upon the ground that it did not correspond with the summons, or he could have moved to set aside the service of or dismiss the complaint upon that ground. Motion for a rehearing and motion for a preference granted, without costs to either party.

Motion for rehearing and motion for preference granted, without costs.